**FRIED, Plaintiff, v. AUGSPURGER et, Defendants.**

Common Pleas Court, Butler County.

No. 77744.   Decided September 21, 1959.

John B. Connaughton, for plaintiff.
Robert L. Marrs, Pros. Atty., for defendants.
Louis J. Hofstadter, Amicus Curiae.

## OPINION

By CRAMER, J.

This cause is before the court upon the pleadings, consisting of plaintiff's petition in mandamus, and the answer of the defendants thereto, and the admissions of fact gleaned from the pleadings.

No evidence was offered since the admitted facts in the pleadings raise the issue to be determined.

Briefly stated, the facts are as follows:

The plaintiff owns lands in St. Clair Township, Butler County, Ohio, which lands were duly, and in accordance with law, and by proper action of the Butler County Rural Zoning Commission and the Butler County Commissioners, rezoned from residential to commercial.

A referendum petition was filed with the County Commissioners requesting a referendum on said zoning change in accordance with the statute governing the same.  Said petition bore the names of 261 purported electors of St. Clair Township, Butler County, Ohio.

Following the filing of said petition, the Commissioners certified the referendum petition to the Butler County Board of Elections to check the signatures thereon.  Thereafter, on May 25, 1959, the Board of Elections certified that there were 228 valid signatures on said petition, and that there were sufficient valid signatures to cause a referendum to be placed on the ballot.

Thereafter, the County Commissioners passed a Resolution ordering the issue to be placed on the ballot at the election on November 4, 1959.

Subsequent to the passage of this resolution, the County Commis-

sioners received petitions which this plaintiff had circulated amongst those who had signed the original referendum petition, which petitions contained the request by 154 of the electors who had signed the original petition that their names be removed from the original referendum petition.

Plaintiff sought to have such withdrawal petitions filed with the County Commissioners who refused to accept the same; that immediately thereafter she sought to file said petitions with the Board of Elections who also refused to accept the same; that subsequently the plaintiff again attempted to file said petitions (of withdrawals) with the Board of County Commissioners who accepted the same but refused to take any action thereon.

The prayer of the plaintiff's petition seeks a writ of mandamus against the Board of County Commissioners to require them to act on said petitions and refer them to the Board of Elections of Butler County for the purpose of ascertaining the validity of the sigtnatures thereon and for a writ against the defendant Board of Elections of Butler County, Ohio, requiring said board to check the validity of said petitions and to refer its findings back to the Board of · County Commissioners of Butler County, Ohio.

It is apparent from the foregoing recitation of facts that if the names of 154 electors of St. Clair Township who had signed the original referendum petition, are withdrawn therefrom but 74 valid signatures would be left which are insufficient to effect a referendum.

The sole issue for this court to determine is whether the Board of County Commissioners has the discretion, which discretion this court can order it to exercise by a writ of mandamus, to allow signatures to be withdrawn from a referendum petition requesting a referendum on a zoning change under the provisions of §303.12 R. C., after the Board of County Commissioners had ordered said matter to be placed on the ballot.

It has long been the law that signatures may not be removed from a petition after official action has been taken thereon by the Board, body, agency, or person to whom it is addressed. (See **Kahle v. Ruppert, 99 Oh St 17**; also **Lynn v. Supple, Clerk, 166 Oh St 154; State, ex rel. Wilson v. Board of Education, 166 Oh St 260.**

However, recently, on July 8, 1959, the Supreme Court of Ohio decided the case of **Chadwell v. Cain, Clerk, 169 Oh St 425**, found in the July 13, 1959, issue of Ohio Bar (XXXII, No. 28).

That case, in addition to reiterating the principle of law that a signer of a petition has the right to withdraw his name from such petition at any time before official action has been taken thereon, and defining what constitutes "official action," held that after official action has been taken on a petition, the matter of permitting withdrawals or additions of signatures to such petiion (for annexation of territory to a city or village) lies within the discretionary power of the Board of County Commissioners.

We must determine whether this case governs the withdrawal of names from petitions in all proceedings, including petitions for a refer-

endum, such as is involved in the case at bar. In other words, does the Chadwell case supra, give the Board of County Commissioners here the discretion to allow or refuse withdrawal of the names of those who signed the original referendum petition so that it can be required by a writ of mandamus to exercise such discretion?

The decision in the Chadwell case must, of course, be considered in the light of the facts therein involved and the situation with which the Supreme Court was confronted. There the Board of County Commissioners were exercising powers conferred upon it by statute in respect to annexation matters. The Board, by statute, is permitted to exercise discretion in respect to such proceedings. The Supreme Court in its opinion in the Chadwell case makes reference to and comments upon such discretionary powers of the Commission in annexation matters and proceedings. Reference is also made to the fact that the statute covering such proceeding permits petitions filed thereunder to be amended by leave of the Board of County Commissioners.

We are convinced that this discretion which is given to the Board of County Commissioners in annexation matters played a most important and significant part in the Chadwell decision. Such discretionary powers are, in our opinion, absent in the situation with which we are here confronted. It is our view that the Board of County Commissioners must, once there has been certified to. it by the Board of Elections that there were sufficient valid signatures on a referendum petition, order that the referendum go upon the Ballot. No discretion is vested in the Board after such certification to it by the Board of Elections.

The Chadwell case must, in our opinion, be limited to the factual situation therein dealt with, namely, an annexation proceeding; and the reasoning set forth in that opinion should not be extended so as to apply to all situations wherein petitioners seek to have their names withdrawn from the instruments they signed.

Here, up until the time the Board of County Commissioners took official action, which in our opinion occurred when it ordered that the referendum be allowed and the matter placed on the Ballot, the petitioners could withdraw their signatures as a matter of right. However, after such date (in this case the date being June 9, 1959), such right to withdraw no longer existed; furthermore, it is our opinion that after such date, the Board of County Commissioners had no discretion in respect to allowing such withdrawals.

The Chadwell case is authority for the proposition that in annexation cases there is a right to withdraw up until official action is taken and withdrawal after that time is at the discretion of the County Commissioners but, as hereinbefore stated, the Chadwell case must be limited to annexation proceedings.

However, even if it could be logically contended that the Chadwell case should not be so limited and applies to the case at bar, still the Commissioners are denied discretionary powers in respect to the withdrawals here attempted.

It is urged by counsel that the Supreme Court in the Chadwell case lays down the principle that Commissioners have no discretionary power

in respect to withdrawals even in annexation cases, after final action in respect thereto has been taken by the Commissioners. We are inclined to agree with such contention.

It is also urged that where official action and final action are the same act, there is no period of discretionary withdrawal and that the official action of the County Commissioners in ordering the matter to be placed upon the ballot likewise constituted its final action thereon. We also concur in that assertion.

It is our view, therefore, that not only did the County Commissioners take official action here, but also final action when it ordered the Referendum on the ballot. Such being the opinion and position of this court, it necessarily follows that no discretion remains with the Board of County Commissioners in respect to the matter of withdrawal of signatures from the original petitions for referendum. To hold otherwise would give little, if any, stability to such petitions. Thus, we conclude that plaintiff's prayer for the relief she seeks must be denied.

The Court's attention has been called to §3513.29.1 R. C., which is found in the chapter entitled, "Primaries: nominations," and provides that any elector signing a petition shall not withdraw his name therefrom after the petition has been filed with a Board or with the Secretary of State. In view of the fact that this section excepts from its operation the petitions specified in §3519.11 R. C., which specifically refers to initiative or referendum petitions, we feel that the same is little, if any, help in the solution of the issue in this case.

We will consider the matter as though motions for judgment on the pleadings in favor of each of the parties hereto have been filed. Accordingly, we will sustain the defendants' motion for judgment in their favor upon the pleadings and find in their favor on the issues made by such pleadings and against the plaintiff herein.