An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IVAN GOLDSMITH, M.D., AN INDIVIDUAL; AND JAMES S. TATE, JR., M.D., AN INDIVIDUAL, Appellants, vs. STATE OF NEVADA; AND STATE OF NEVADA BOARD OF MEDICAL EXAMINERS, Respondents.

No. 58361

**FILED**

JUN 0 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from district court orders granting summary judgment and awarding attorney fees in an action for declaratory and injunctive relief. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellants Ivan Goldsmith and James Tate are both physicians who filed the underlying complaint for declaratory and injunctive relief, asserting a facial challenge to the constitutionality of certain professional discipline statutes and regulations. The district court granted summary judgment in three separate orders, wherein the court denied declaratory and injunctive relief and held that none of the challenged statutes or regulations was unconstitutionally vague, overly broad, or ambiguous. The district court also awarded attorney fees to respondent.

On appeal, appellants first argue that the district court erred when it determined that neither NRS 630.301(9) nor NAC 630.040 was unconstitutionally vague or ambiguous. Our review of the district court's

SUPREME COURT
OF
NEVADA

(O) 1947A

14-17698

orders granting summary judgment and denying declaratory relief is de novo. *See Flamingo Paradise Gaming, LLC v. Chanos*, 125 Nev. 502, 509, 217 P.3d 546, 551 (2009) (explaining that the constitutionality of a statute is a question of law, which this court reviews de novo); *see also Las Vegas Taxpayer Accountability Comm. v. City Council of Las Vegas*, 125 Nev. 165, 172, 208 P.3d 429, 434 (2009); *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). A statute is unconstitutionally vague if (1) it is worded such that a person of ordinary intelligence would not have fair notice of prohibited conduct, or (2) its standards are so weak that discriminatory enforcement is either authorized or encouraged. *See Flamingo Paradise Gaming*, 125 Nev. at 512, 217 P.3d at 553-54 (noting that for facial challenges, the statute must be vague in all of its applications).

NRS 630.301(9) states that a physician may be disciplined for "engaging in conduct that brings the medical profession into disrepute, including, without limitation, conduct that violates any provision of a code of ethics adopted by the Board . . . ." Appellants argue that the statute is vague and ambiguous because it references a code of ethics, which the Board of Medical Examiners has not adopted. We disagree. The plain language of the statute is clear that while a violation of a code of ethics adopted by the Board may be one ground for discipline, the limit of this provision is a physician's "engag[ement] in conduct that brings the medical profession into disrepute." Disrepute has been defined as a "loss of reputation; dishonor." *Black's Law Dictionary* 506 (8th ed. 2004); *see also Merriam-Webster's Collegiate Dictionary* 362 (11th ed. 2007) (defining disrepute as a "lack or decline of good reputation"). And reputation means

"[t]he esteem in which a person is held by others." *Black's Law Dictionary* 1331 (8th ed. 2004); *see also Merriam-Webster's Collegiate Dictionary* 1058 (11th ed. 2007) (defining reputation as "overall quality or character as seen or judged by people in general" and "a place in public esteem or regard"). Based on these plain definitions, conduct that brings the medical profession into disrepute is conduct that results in a loss of the public's regard for the medical profession. We therefore conclude that NRS 630.301(9) is not unconstitutionally vague or ambiguous, and thus, the district court properly granted summary judgment in respondents' favor on this issue. *See Flamingo Paradise Gaming,* 125 Nev. at 512, 217 P.3d at 553; *see also Ransdell v. Clark Cnty.,* 124 Nev. 847, 859, 192 P.3d 756, 764 (2008) ("A law will be upheld against a vagueness claim if its terms can be made reasonably certain by reference to other definable sources.") (Internal quotation marks omitted).

Next, we consider appellants' argument that NAC 630.040 is overly broad, unconstitutionally vague, and ambiguous because it does not explain how the "reasonable care" standard is determined and it encapsulates new, novel, or experimental treatments. NAC 630.040 defines "malpractice" for the purposes of NRS Chapter 630 as "the failure of a physician, in treating a patient, to use the reasonable care, skill, or knowledge ordinarily used under similar circumstances." The language of this regulation mirrors NRS 41A.009, the special statutory cause of action for medical malpractice. Although the term "reasonable care" standing alone might be vague, its meaning is well established in light of authority in the tort and medical malpractice context. *See In re Discipline of Lerner,* 124 Nev. 1232, 1245, 197 P.3d 1067, 1077 (2008) (denying a facial

vagueness challenge to a rule of professional conduct when the allegedly vague term's meaning "is readily perceptible in light of authority construing the term"). Furthermore, a statute that "conveys a definite warning as to proscribed conduct when measured by common understanding and practices will satisfy due process"—it does not need to detail each and every act or conduct that is prohibited. *Brody v. Barasch*, 582 A.2d 132, 137 (Vt. 1990). Accordingly, we conclude that NAC 630.040 is not unconstitutionally vague, ambiguous, or overly broad, and thus, the district court also properly granted summary judgment in respondents' favor on this issue. *See Flamingo Paradise Gaming*, 125 Nev. at 512, 217 P.3d at 553.

Finally, appellants challenge the district court's order awarding respondents attorney fees under NRS 622.410, and argue that the complaint did not meet the requirements of the statute. The district court may award reasonable attorney fees and costs to a regulatory board when the regulatory board is the prevailing party in an action "relate[d] to . . . the enforcement of any provision of this title which the regulatory body has the authority to enforce, [or] any regulation adopted pursuant thereto." NRS 622.410; *see also* NRS 622.060 (defining regulatory body). Because the enforcement of the provisions at issue is dependent upon a finding that such provisions are constitutional, *see Flamingo Paradise Gaming*, 125 Nev. at 518, 217 P.3d at 557 (describing a facial vagueness challenge to a statute as a "test for civil enforcement"), appellants' complaint was related to the Board's enforcement abilities, and the district court therefore did not abuse its discretion in awarding attorney fees to respondents based on NRS 622.410. *See Kahn v. Morse & Mowbray*, 121

Nev. 464, 479, 117 P.3d 227, 238 (2005) (explaining that this court reviews a district court's award of attorney fees for an abuse of discretion). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., dissenting:

This appeal raises important statutory interpretation issues regarding physician discipline and may have a widespread effect on the practices and reputations of all physicians in this state, not just appellants. Because of this, and the vital role that physicians hold in our society, oral argument appears warranted here, and I would not resolve this appeal as submitted for decision on the briefs. For these reasons, I respectfully dissent.

_____, J.
Cherry

_____

[1]To the extent that appellants' arguments have not been expressly addressed in this order, we conclude that those arguments lack merit.

cc: Hon. Stefany Miley, District Judge
M. Nelson Segel, Settlement Judge
Hafter Law
Bradley O. Van Ry
Eighth District Court Clerk