# IN THE SUPREME COURT OF THE STATE OF NEVADA

BIZPAC,
Appellant,
vs.
FUND OUR SCHOOLS, A NEVADA
POLITICAL ACTION COMMITTEE;
AND BARBARA K. CEGAVSKE, IN
HER OFFICIAL CAPACITY AS
NEVADA SECRETARY OF STATE,
Respondents.

No. 81085

**FILED**

AUG 06 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order partially granting declaratory relief in a ballot initiative matter. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant, BizPAC, filed a complaint for declaratory relief challenging the description of effect contained in respondent Fund Our Schools PAC's ballot initiative petition. The district court granted relief in part and ordered specific amendments to the description of effect. On appeal, BizPAC challenges the district court's authority to order specific amendments to the initiative's description of effect and contends that the amended description is misleading.

First, BizPAC argues that the district court lacked the authority to order specific amendments to Fund Our Schools PAC's initiative petition's description of effect. We disagree. The plain language of NRS 295.061(3) clearly contemplates that district courts may order amendments to a description of effect. BizPAC fails to cite any authority that supports an interpretation of NRS 295.061(3) that precludes a district court from ordering such amendments. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006). Further, this court

has disavowed interpretations of statutes designed to facilitate the initiative process that would effectively halt the process. *Educ. Initiative PAC. v. Comm. to Protect Nev. Jobs*, 129 Nev. 35, 47, 293 P.3d 874, 882 (2013). Under BizPAC's proffered interpretation of NRS 295.061(3), proponents of a ballot initiative would have to restart the initiative filing process whenever a district court found a description of effect inadequate. Under such an interpretation, proponents of an initiative would be unable to avail themselves of the prohibition against further challenges to an amended description of effect under NRS 295.061(3). This would allow opponents of an initiative to effectively stop the initiative process by filing successive challenges to a description of effect. Such an interpretation would be unreasonable, and we decline to adopt it. *See Harris Assocs. v. Clark Cty. Sch. Dist.*, 119 Nev. 638, 642, 81 P.3d 532, 534 (2003) (noting that this court will not read the language of a statute "to produce absurd or unreasonable results" (quoting *Glover v. Concerned Citizens for Fuji Park*, 118 Nev. 488, 50 P.3d 546, 548 (2002))).

Next, BizPAC argues that the amended description of effect is misleading for two reasons. First, it argues that the description does not inform voters that the initiative, if passed, could make Nevada's average statewide sales-tax rate the highest in the United States. Second, BizPAC argues that the description informs voters what the average statewide sales-tax rate would be if the initiative passes, rather than informing voters what the actual sales-tax rate would be in each individual county. The party challenging a description of effect has the burden of demonstrating that the description is defective, *Educ. Initiative PAC*, 129 Nev. at 42, 293 P.3d at 879, and BizPAC fails to meet that burden.

Under NRS 295.009(1)(b), every petition in support of an initiative or referendum must include a 200-word-or-less description of the

effect the initiative or referendum would have if enacted. Such a description must be "straightforward, succinct, and nonargumentative," *Las Vegas Taxpayer Accountability Comm. v. City Council*, 125 Nev. 165, 183, 208 P.3d 429, 441 (2009) (quoting *Herbst Gaming, Inc. v. Heller*, 122 Nev. 877, 889, 141 P.3d 1224, 1232 (2006)), and may not be deceptive or misleading. *Stumpf v. Lau*, 108 Nev. 826, 833, 839 P.2d 120, 124 (1992), *overruled on other grounds by Herbst Gaming, Inc.*, 122 Nev. at 888, 141 P.3d at 1231. As such, a description of effect "does not need to mention every possible effect of an initiative," nor must it "explain hypothetical effects of an initiative." *Educ. Initiative PAC*, 129 Nev. at 42, 293 P.3d at 879 (citation and internal quotations omitted). Instead, this court has characterized a description of effect as a "short summar[y] detailing what an initiative is designed to achieve and how it will do so" and has implored courts to determine whether such a "description provides an expansive view of the initiative." *Id.* at 49, 293 P.3d at 883-84.

Having reviewed the record and considered the parties' arguments, we conclude that the district court properly denied declaratory relief as to BizPAC's argument that the initiative petition's description of effect was invalid because it lacked information about where Nevada may nationally rank should Fund Our Schools PAC's initiative pass. Such language is inherently speculative and argumentative and is not proper for inclusion within a description of effect. *See Las Vegas Taxpayer Accountability Comm.*, 125 Nev. at 183, 208 P.3d at 441; *Educ. Initiative PAC*, 129 Nev. at 42, 293 P.3d at 879. Similarly, we conclude that the district court properly determined that the description of effect is not misleading because it uses a statewide average sales-tax rate rather than sales-tax rates for each county. Neither party disputes the accuracy of the figures used in the amended description of effect. Further, the text of the

initiative itself plainly states that it would raise sales-tax rates by 1.5 percent. Additionally, any voter can access the initiative's financial impact statement, which includes a table of how the initiative impacts the sales-tax rate of each county, on the Secretary of State's website. *Cf. Herbst Gaming, Inc.*, 122 Nev. at 888, 141 P.3d at 1232 (declining to find the phrase "stand-alone bar" in the title of an initiative misleading, where the definition was included in the actual text of the initiative). In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

(O) 1947A

cc: Hon. James Todd Russell, District Judge
Benson Law LLC
Matthew Griffin, PLLC
Attorney General/Carson City
Hutchison & Steffen, LLC/Las Vegas
Carson City Clerk