IN THE SUPREME COURT OF THE STATE OF NEVADA

NEVADA RESORT ASSOCIATION PAC,
A REGISTERED NEVADA POLITICAL
ACTION COMMITTEE,
Appellant,
vs.
NEVADANS FOR FAIR GAMING
TAXES PAC, A REGISTERED NEVADA
POLITICAL ACTION COMMITTEE;
AND BARBARA K. CEGAVSKE, IN
HER OFFICIAL CAPACITY AS
SECRETARY OF STATE OF NEVADA,
Respondents.

No. 81086

FILED

SEP 1 1 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____S. Young_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting in part and denying in part a request for declaratory relief in a ballot initiative matter. First Judicial District Court, Carson City; James E. Wilson, Judge.

Appellant Nevada Resort Association PAC (NRA) filed a complaint for declaratory relief challenging, as is pertinent to this appeal, the description of effect contained in respondent Nevadans for Fair Gaming Taxes PAC's (NFGT) ballot initiative petition. The district court granted relief in part and ordered specific amendments to the description of effect. On appeal, NRA contends that, even as amended, the description is still misleading.[1]

---

[1]We reject NFGT's argument that the district court's decision is not appealable. NRS 295.061(3) provides that, if an initiative's description of effect is amended in compliance with a court order, "the amended description may not be challenged." This limits further challenges in the district court, not an appeal from a district court order resolving the initial challenge. *Compare* NRS 295.061(3), *with* NRS 295.061(1) (providing that a description of effect can be "challenged by filing a complaint" in district court and cross-referencing subsection (3)).

20-33514

NRA focuses its arguments on public statements made by a proponent of the initiative, who allegedly claimed that the revenue generated by the initiative would go toward public education. NRA asserts that this is incorrect because any revenue generated by the initiative, if passed, would go to the State General Fund rather than directly toward education. As a result of this alleged public misinformation, NRA argues that the amended description of effect's statement that any revenue would go to the General Fund, was misleading because it did not also state that the revenue could be spent on any purpose and would not go directly toward education.

We disagree. While a description of effect must not be deceptive or misleading, *Educ. Initiative PAC v. Comm. to Protect Nev. Jobs*, 129 Nev. 35, 42, 293 P.3d 874, 879 (2013), NRA's assertion that the description of effect must correct possible misconceptions about the initiative is not supported by our caselaw. Indeed, a description of effect neither "need[s] to mention every possible effect of an initiative," nor "explain hypothetical effects of an initiative." *Id.* (internal quotation marks omitted). Courts therefore only need to determine whether such a "description provides an expansive view of the initiative, rather than undertaking a hyper-technical examination of whether the description covers each and every aspect of the initiative." *Id.* at 49, 293 P.3d at 884. The description at issue here accurately states that the initiative seeks to increase revenue from certain gaming license fees and that all revenue, aside from some statutorily designated to augment horse-racing stakes, would go into the General Fund. Requiring a description of effect to include what NRA seeks—a correction of a possible public misconception regarding the initiative— "would significantly hinder the people's power to legislate by initiative and

effectively bar all but the simplest ballot measures." *Id.* at 45, 293 P.3d at 881.

In light of the foregoing, we conclude that NRA has not met its burden of showing that the petition was clearly invalid, *see id.* at 42, 293 P.3d at 879; *see also Las Vegas Taxpayer Accountability Comm. v. City Council*, 125 Nev. 165, 176, 208 P.3d 429, 436 (2009) (explaining that the party seeking to invalidate the initiative has the burden to show that the initiative is "clearly invalid"), and we therefore

ORDER the judgment of the district court AFFIRMED.[2]

_____ *Pickering*, C.J.
Pickering

_____ J.
Gibbons

_____ J.
Hardesty

_____ J.
Parraguirre

_____ J.
Stiglich

_____ J.
Cadish

_____ J.
Silver

cc:  Hon. James E. Wilson, District Judge
     Matthew Griffin, PLLC
     Attorney General/Carson City
     McLetchie Law
     Carson City Clerk

---

[2]Based on our decision, we need not address NFGT's remaining arguments.