# IN THE SUPREME COURT OF THE STATE OF NEVADA

PREVENT SANCTUARY CITIES, A
REGISTERED NEVADA POLITICAL
ACTION COMMITTEE; AND JEREMY
HUGHES, IN HIS CAPACITY AS
PRESIDENT OF PREVENT
SANCTUARY CITIES PAC,
Appellants,
vs.
MICHAEL HALEY, AN INDIVIDUAL;
THERESA NAVARRO, AN
INDIVIDUAL; TU CASA LATINA, A
NON-PROFIT ORGANIZATION; AND
BARBARA CEGAVSKE, IN HER
OFFICIAL CAPACITY AS SECRETARY
OF STATE OF NEVADA,
Respondents.

No. 74966

**FILED**

MAY 16 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal from a district court order granting declaratory and injunctive relief in a ballot case. First Judicial District Court, Carson City; James Todd Russell, Judge. We affirm in part, reverse in part, and remand.

### I.

Prevent Sanctuary Cities (PSC), a Nevada political action committee, filed an initiative petition proposing to amend Article 15 of the Nevada Constitution to add a new section that would read as follows:

1. The Legislature shall not enact a law or otherwise adopt, enforce or endorse a policy which prohibits, limits or discourages cooperation with the enforcement of the immigration laws of the United States.

2. A board of county commissioners shall not enact an ordinance or otherwise adopt, enforce or endorse a policy which prohibits, limits or discourages cooperation with the enforcement of the immigration laws of the United States.

3. The governing body of a city shall not enact an ordinance or otherwise adopt, enforce or endorse a policy which prohibits, limits or discourages cooperation with the enforcement of the immigration laws of the United States.

As required by NRS 295.009(1)(b), the initiative petition includes a section entitled "description of effect." The description of effect states:

> If enacted, this measure will add a new section to the Nevada Constitution that will prohibit the legislature, a county or a city from enacting a law or ordinance, or otherwise adopting, enforcing or endorsing a policy which prohibits, limits or discourages cooperation with the enforcement of the immigration laws of the United States. To become effective this measure must be approved by a majority of voters in two general elections.

A nonprofit organization, Tu Casa Latina, and two individuals (collectively, Tu Casa) filed a complaint for declaratory and injunctive relief asserting that the initiative does not comply with NRS 295.009 because it embraces more than one subject and because its description of effect is inadequate. The district court agreed with Tu Casa on both points and invalidated the petition on the grounds it violated NRS 295.009's single-subject and description-of-effect requirements. PSC appeals.[1]

---

[1]Barbara Cegavske, in her official capacity as Nevada Secretary of State, is a respondent to this appeal but has filed a notice stating she takes no position regarding its outcome.

Under Article 19, Section 2(1) of the Nevada Constitution, "the people reserve to themselves the power to propose, by initiative petition, . . . amendments to this Constitution." This provision of the Nevada Constitution is "self-executing but the legislature may provide by law for procedures to facilitate the operation thereof." Nev. Const. art. 19, § 5. In NRS 295.009, the Legislature exercised its constitutional authority to "provide by law" for "procedures to facilitate" the ballot initiative process. *See Nevadans for the Prot. of Prop. Rights, Inc. v. Heller*, 122 Nev. 894, 902, 141 P.3d 1235, 1240 (2006) (internal quotation marks omitted).

In NRS 295.009, the Legislature imposes two general requirements on state initiative petitions. First, each petition must "[e]mbrace but one subject and matters necessarily connected therewith and pertaining thereto." NRS 295.009(1)(a). Second, the petition must "[s]et forth, in not more than 200 words, a description of the effect of the initiative . . . if the initiative . . . is approved by the voters." NRS 295.009(1)(b). Although the Legislature may "enact laws to facilitate the operation of the initiative process [such as NRS 295.009], . . . this court, in interpreting and applying such laws, must make every effort to sustain and preserve the people's constitutional right to amend their constitution through the initiative process." *Heller*, 122 Nev. at 912, 141 P.3d at 1247. This is because "the right to initiate change in this state's laws through ballot proposals is one of the basic powers enumerated in this state's constitution." *Id.* (quoting *Univ. & Cmty. Coll. Sys. of Nev. v. Nevadans for Sound Gov't*, 120 Nev. 712, 734, 100 P.3d 179, 195 (2004)). When a district court decides a ballot matter without resolving disputed facts, as occurred



here, de novo appellate review applies. *Nevadans for Nev. v. Beers*, 122 Nev. 930, 942, 142 P.3d 339, 347 (2006).

## III.

## A.

The constitutionality of NRS 295.009(1)(a)'s single-subject requirement was resolved by us in *Heller*. We held that the requirement did not violate the Nevada Constitution because Article 19, Section 5 specifically allows the Legislature to create laws governing the initiative process and, by limiting initiatives to a single subject, the law "facilitates the initiative process by preventing drafters from circulating confusing petitions that address multiple subjects." *Heller*, 122 Nev. at 902, 141 P.3d at 1240. We further held that the requirement did not violate the First Amendment of the United States Constitution because it neither discriminates based on subject-matter nor restricts speech: "[i]t simply requires petitioners to address separate subjects in separate petitions." *Id.* at 905, 141 P.3d at 1243.

Consistent with the constitutional interests at stake, the law requires the challenger of the initiative, not its proponent, to bear the burden of demonstrating that a proposed initiative is clearly invalid because it embraces more than one subject. *See Las Vegas Taxpayer Accountability Comm. v. City Council of Las Vegas*, 125 Nev. 165, 176, 208 P.3d 429, 436 (2009) (holding that the party challenging a ballot measure "bear[s] the burden of demonstrating that the measures are clearly invalid"); *Heller*, 122 Nev. at 912, 141 P.3d at 1247 (recognizing the initiative process as one of the basic rights enumerated in Nevada's constitution). Placing the burden on the challenger ensures that the "power of initiative [is] liberally construed to promote the democratic process." *Farley v. Healey*, 431 P.2d 650, 652 (Cal. 1967), *relied on by Las Vegas Taxpayer*, 125 Nev. at 176, 208

P.3d at 436; *see also deBottari v. Norco City Council*, 217 Cal. Rptr. 790, 792 (Ct. App. 1985) (providing that a challenger must make "a compelling showing that a proper case has been established" to prevent a measure from being placed on the ballot (internal quotation marks omitted)); *City of Fircrest v. Jensen*, 143 P.3d 776, 779 (Wash. 2006) (holding that the legal limitations on proposed initiatives are "liberally construed in favor of upholding the challenged legislation," and therefore, placing the burden "on the challenger to establish the bill's unconstitutionality beyond a reasonable doubt").

## B.

With this burden in mind, we turn to Tu Casa's argument that the initiative violates the single-subject requirement. Tu Casa asserts that the initiative embraces more than one subject by being excessively general, since the subject of the initiative—federal immigration law—encompasses a multitude of subjects, ranging from law enforcement and public education to refugees and asylum. PSC responds that the initiative's stated purpose— "to prohibit Nevada's Legislature, counties, and cities from enacting laws, ordinances or policies, or otherwise enforcing or endorsing policies, that prohibit, limit or discourage cooperation with the enforcement" of federal immigration laws—while broad, only encompasses a single subject. PSC further argues that the components of the initiative all relate to the stated purpose and, thus, the initiative does not violate the single-subject rule.[2]

---

[2]We reject PSC's contention that Tu Casa's single-subject arguments amounted to premature substantive challenges to the initiative. *See Heller*, 122 Nev. at 916-17, 141 P.3d at 1250 (recognizing that substantive challenges to an initiative will only be considered post-election).

We conclude that Tu Casa has not met its burden of showing that the initiative is clearly invalid by violating the single-subject requirement.

To satisfy NRS 295.009(1)(a)'s single-subject rule, an initiative petition must "[e]mbrace but one subject and matters necessarily connected therewith and pertaining thereto." Subparagraph 2 of NRS 295.009 elaborates that, for purposes of NRS 295.009(1)(a), an initiative petition meets the single-subject rule "if the parts of the proposed initiative . . . are functionally related and germane to each other in a way that provides sufficient notice of the general subject of, and of the interests likely to be affected by, the proposed initiative." In assessing whether an initiative violates the single-subject requirement, we must determine the initiative's subject or purpose, *Las Vegas Taxpayer*, 125 Nev. at 180, 208 P.3d at 439, by considering the petition's language and its proponent's arguments. *Educ. Initiative PAC v. Comm. to Prot. Nev. Jobs*, 129 Nev. 35, 50, 293 P.3d 874, 884 (2013).

Having considered the petition's language and PSC's arguments, we agree with PSC that the initiative's purpose is to prohibit Nevada and its counties and cities from enacting laws and policies that would interfere or discourage cooperation with the enforcement of federal immigration laws. And it is clear that each of the initiative's components are "functionally related" and "germane" to that purpose, as each component prohibits a different level of Nevada government (state, county, city) from enacting laws or adopting policies that interfere with the enforcement of federal immigration laws, satisfying NRS 295.009(2).

Tu Casa argues that the single-subject requirement is violated, despite the initiative's components being functionally related and germane to the initiative's overarching purpose, because the components themselves

are excessively broad and general. Excessive generality can lead to a violation of the single-subject requirement in NRS 295.009(1)(a), when it masks the multifarious and distinct subjects an initiative impermissibly covers. *See Las Vegas Taxpayer*, 125 Nev. at 181, 208 P.3d at 439 ("[A]n initiative proponent may not circumvent the single-subject rule by phrasing the proposed law's purpose or object in terms of excessive generality." (internal quotation marks omitted)). But here, the initiative's components are functionally related and germane to one another and so, while phrased in general terms, they do not violate the single-subject requirement in NRS 295.009(1)(a). *See In re Title, Ballot Title & Submission Clause for 2015-2016 #63*, 370 P.3d 628, 632 (Colo. 2016) (addressing an initiative that sought to amend the Colorado Constitution to establish a "right to a healthy environment" and concluding that, despite its generality, it satisfied the single-subject requirement). Because NRS 295.009(2) is met, the single-subject requirement is satisfied and the district court erred in finding otherwise.

## IV.

## A.

Our inquiry does not end with the determination that PSC's initiative does not violate the single-subject rule. In addition, the initiative petition must include a statutorily sufficient description of effect. *See* NRS 295.009(1)(b) (requiring an initiative to contain a 200-word-or-less "description of the effect of the initiative" if it is passed by voters). "The description must appear on each signature page of the petition" voters are asked to sign to qualify the initiative for the ballot. *Id.* While the description need not describe every effect adopting the initiative might have, the description nonetheless "must be a straightforward, succinct, and

nonargumentative summary of what the initiative is designed to achieve and how it intends to reach those goals." *Educ. Initiative*, 129 Nev. at 37-38, 293 P.3d at 876. And, it cannot "be deceptive or misleading." *Id.* at 42, 293 P.3d at 879. These rules ensure that petition signers are "informed at the time of signing of the nature and effect of that which is proposed." *Stumpf v. Lau*, 108 Nev. 826, 833, 839 P.2d 120, 124 (1992) (emphasis and internal quotation marks omitted) (reviewing an initiative petition that failed to describe the nature and purpose of the proposed measure), *overruled in part on other grounds by Herbst Gaming, Inc. v. Heller*, 122 Nev. 877, 888, 141 P.3d 1224, 1231 (2006).

Judicial review of a petition's description of effect does not involve the close textual analysis statutory construction does. *Educ. Initiative*, 129 Nev. at 48, 293 P.3d at 883. Rather, a reviewing court takes

> a holistic approach to determine whether the description is a straightforward, succinct, and nonargumentative summary of an initiative's purpose and how that purpose is achieved, and whether the information contained in the description is correct and does not misrepresent what the initiative will accomplish and how it intends to achieve those goals.

*Id.*

The description of effect in this case simply repeats the initiative's language and, based on this, Tu Casa argues that the description therefore fails to satisfy NRS 295.009(1)(b) because it does not describe any effects. And without describing any effects, Tu Casa claims the description is misleading and may confuse voters. PSC asserts that because the initiative is so straightforward, a more detailed description of effect is not necessary to explain how the initiative will accomplish its goals and

Supreme Court
of
Nevada

(O) 1947A

8

emphasizes that the description need not include effects that are merely hypothetical.

The description of effect for the initiative at issue in this case is insufficient. While we have concluded that the initiative's admittedly-broad purpose does not violate the single-subject rule, this does not negate the requirement that the description alert voters to the breadth and range of effects that the initiative will have. Although the description at issue here describes the prohibitory effect of the initiative, the impact of that prohibition on existing policies and laws is not described. For example, as argued by Tu Casa, the initiative would limit the power of local governments to address matters of local concern by impinging on their ability, under NRS 268.001(6)(a), to "implement and carry out city programs and functions for the effective operation" of local governments, such as policies regarding public health and safety. *See* NRS 268.003 (defining "matters of local concern"). By failing to include such effects, the description of effect is deceptive and misleading, and therefore fails to satisfy NRS 295.009(1)(b). *See Las Vegas Taxpayer*, 125 Nev. at 183-84, 208 P.3d at 441 (holding that a description of effect was insufficient because it failed to accurately inform voters of the consequences that would result if the measure passed).

The title of the petition—"Prevent Sanctuary Cities Initiative"—adds to the problem. As the district court found, the title, combined with the generality of the petition and its unhelpful description of effect, is "confusing and misleading to voters" because the initiative's language is broader than what would generally be considered to fall under "the commonly misunderstood concept of so-called 'Sanctuary Cities.'" As Tu Casa urges, and the district court found, the title "Prevent Sanctuary

Cities" is a catch-all that is subject to shifting and imprecise meanings, not a neutral, descriptive phrase.

Despite the district court's and the parties' treatment of the title as an issue to be addressed under the single-subject rule, we conclude that the proper treatment of it is as a part of the description of effect. Indeed, in *Las Vegas Taxpayer*, 125 Nev. at 183, 208 P.3d at 441, in addressing the description of effect, we stated that both an initiative's title and its summary must "be straightforward, succinct, and nonargumentative" (internal quotation marks omitted). And unlike other states that have neutral parties create the title and description of a petition to present for signatures, Nevada allows an initiative's proponent to draft both the title and description they will use in the signature-gathering process. *See Educ. Initiative*, 129 Nev. at 45, 293 P.3d at 881. But once the required number of signatures are gathered to qualify the initiative for the ballot, the Secretary of State assigns it a ballot initiative number and prepares official explanations for and against its passage, discarding the title and description of effect the proponent gave the petition. *See id.* ("[O]nce proponents have gathered the necessary signatures to file the initiative with the Secretary of State for verification, the description of effect plays no further role in the remaining initiative process"); *see also* NRS 293.250(5) (requiring the Secretary of State to provide "arguments and rebuttals for or against constitutional amendments and statewide measures proposed by initiative").

Together, the title and the description of effect must be sufficient to allow the voter who is asked to sign to have the initiative placed on the ballot to understand the initiative being proposed and its effect if

adopted.[3]   Here, the potentially misleading title, combined with the initiative's generality and the deficient description of effect, do not accomplish that end.  We therefore affirm the district court's conclusion on this point.  However, because we conclude that the single-subject rule was satisfied, PSC should be afforded an opportunity to amend its description of effect to satisfy NRS 295.009(1)(b).

B.

NRS 295.061(3) provides that if a description of effect is deemed insufficient "and such description is amended in compliance with the order of the court, the amended description may not be challenged."  In this case, the district court did not provide a recommendation for resolving the description's insufficiency, as it concluded that the initiative violated the single-subject rule; thus it did not make any findings regarding the initiative's effect. *See Las Vegas Taxpayer*, 125 Nev. at 183, 208 P.3d at 441 (providing that this court defers to a district court's findings regarding the effects of a ballot measure, so long as the findings are supported by substantial evidence).  And as an appellate court, we are not well-suited to determine, in the first instance, the effects resulting from the initiative. *See id.* at 183-84; 208 P.3d at 441 (relying on the district court's findings regarding the "true effect" of the ballot measure at issue to determine whether the measure's description violated the single-subject rule); *Ryan's Express Transp. Servs., Inc. v. Amador Stage Lines, Inc.*, 128 Nev. 289, 299, 279 P.3d 166, 172 (2012) ("An appellate court is not particularly well-suited to make factual determinations in the first instance.").

---

[3]Having already concluded that the description of effect is insufficient, we decline to address Tu Casa's additional arguments on this issue.

Without factual findings regarding the initiative's effect, PSC has been provided no guidance under which it could craft an amended description of effect satisfying NRS 295.009(1)(b) and, thereby, invoking the finality of NRS 295.061(3). Accordingly, we must remand this case to the district court for it to enter, in the first instance, factual findings as to the deficiencies in the initiative's description of effect, which, in turn, PSC can use to more accurately describe the effects of the constitutional amendment it proposes. Requiring the description of effect in this case to include effects based on factual findings made by the district court promotes our review of the description of effect under NRS 295.009(1)(b) and its purpose—to "facilitate the people's right to *meaningfully* engage in the initiative process," *Beers*, 122 Nev. at 940, 142 P.3d at 345 (emphasis added)—by ensuring the people understand the measure they are being asked to support by signing a petition to have the initiative placed on the ballot.

V.

We disagree with the district court's conclusion that the initiative violated the single-subject rule and thus reverse the order to the extent that it invalidated the initiative for that reason, but we agree that the initiative's description of effect failed to satisfy NRS 295.009(1)(b). Accordingly, we affirm the district court's order to the extent that it invalidated the initiative based on the current description of effect. Nevertheless, PSC should have an opportunity to amend the description based on district court findings, as recognized in NRS 295.061(3), and therefore, we remand this case to the district court for further proceedings with respect to the initiative's description of effect. And in light of the

nature and urgency of this matter, we suspend NRAP 41(a) and direct the clerk of this court to issue the remittitur forthwith.

_____, C.J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. James Todd Russell, District Judge
      American Civil Liberties Union of Nevada/Las Vegas
      Perkins Coie, LLP/Washington DC
      McDonald Carano LLP/Reno
      Attorney General/Carson City
      Carson City Clerk

CHERRY, J., dissenting:

I would affirm the district court's finding that the initiative violates the single-subject requirement of NRS 295.009(1)(a) because it is excessively general under *Las Vegas Taxpayer* and therefore does not promote informed decision-making. 125 Nev. at 176, 181, 208 P.3d at 436-37, 439. The subject of the initiative, as described by either party, also encompasses a multitude of subjects that a voter may not expect including laws and policies regarding schools, health care, and welfare programs. In this manner, the initiative may mislead voters into supporting a petition that they otherwise would not because they are unaware of the initiative's reach. And, even though the initiative's parts are not disparate, they suffer from the same problems as the purpose. These issues demonstrate that using such a broad purpose fails to satisfy the objectives of the single-subject rule: to "promot[e] informed decisions and [to] prevent[ ] the enactment of unpopular provisions." *Id.* at 176, 208 P.3d at 437. Because the initiative encompasses more than one subject and therefore violates NRS 295.009(1)(a), the district court did not err in enjoining the initiative from being placed on the ballot.

As to the description of effect, I agree with the majority that it is insufficient. Because I conclude that the single-subject requirement is also violated, however, I would not remand to the district court, and would instead affirm the district court's order in its entirety. I therefore dissent.

_____, J.
Cherry